IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

MIGUEL DIAZ-SEIJO, et al.,

   Plaintiffs,

v.

NAVARRO-ROSADO, et al.,

   Defendants.

CRIM. NO. 09-2194 (GAG)

## MEMORANDUM OPINION AND ORDER

Presently before the court is Defendants' motion to dismiss (Docket No. 29). For the reasons stated herein, the court **GRANTS in part and DENIES in part** Defendants' motion.

Defendants argue that Plaintiffs' claims should be dismissed against Defendants in their official capacities because they are barred by the Eleventh Amendment. The court agrees in part. The Puerto Rico Industrial Commission is immune from suit under the Eleventh Amendment, even from claims for declaratory and injunctive relief. See Nieves-Marquez v. Puerto Rico, 353 F.3d 108, 114 n.1 (1st Cir. 2003) ("Under Ex Parte Young, 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908), the defendant state officers were proper defendants for prospective injunctive relief, but the Commonwealth or the Department qua Department were not."). Thus, all claims against the Industrial Commission, both for damages and declaratory or injunctive relief, are hereby **DISMISSED**. Claims for damages against individual defendants are not barred by the Eleventh Amendment, insofar as they are asserted against the defendants in their personal capacity. These defendants may also be sued in their official capacity for purposes of declaratory and injunctive relief. See id. Therefore, the court **DISMISSES** all claims for damages against defendants in their official capacity, inasmuch as these may be asserted by Plaintiffs.

Defendants also argue that they are entitled to qualified immunity regarding Plaintiffs' due process claim. The court **DENIES** Defendants' qualified immunity defense at the motion to dismiss stage. Though Defendants argue that their decision to dismiss Plaintiffs responded to the

**Civil No. 09-2194 (GAG)**

Governor's executive order as a cost-cutting and/or reorganization measure, Plaintiffs have alleged that such reason was in fact pretextual since, *inter alia*, they were the only two employees dismissed, both are members of the Defendants' opposing party, this fact being known to Defendants, and Defendants made no lay-off plan prior to their dismissal. "A plausible claim that the asserted reorganization was pretextual []warrant[s] further inquiry." Whalen v. Massachusetts Trial Court, 397 F.3d 19, 25 n.5 (1st Cir. 2005) (citing Misek v. City of Chicago, 783 F.2d 98, 100-01 (7th Cir. 1986); Hartman v. City of Providence, 636 F.Supp. 1395, 1416-17 (D.R.I. 1986); Duffy v. Sarault, 892 F.2d 139, 147 (1st Cir. 1989)). Thus, the court understands that the applicability to this case of the "reorganization exception" as asserted by Defendants is a question better considered at the summary judgment stage. The court notes that, though Defendants do not allege qualified immunity as to political discrimination; the law is clear that the First Amendment protects non-policymaking public employees from adverse employment decisions based on political affiliation.

Finally, the court finds that the complaint, when viewed in the light most favorable to the plaintiffs, states a sufficiently well-pled Section 1983 cause of action under the First and Fourteenth Amendments, at a minimum, as to defendant Lucy Navarro-Rosado, President of the Industrial Commission, in both her personal and official capacities. Regarding the remaining defendants, the court hereby orders the plaintiffs to respond to this motion, specifically as to how the remaining defendants are individually and officially liable, on or before March 10, 2010.

A show cause hearing on Plaintiffs' motion for preliminary injunction is hereby set for Friday, March 5, 2010 at 9:00 a.m.

**SO ORDERED.**

In San Juan, Puerto Rico this 1st day of March, 2010.

*S/ Gustavo A. Gelpí*
GUSTAVO A. GELPI
United States District Judge